**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

FRED SMITH, State Representative                                                                                    PLAINTIFF

v.                                                  No. 3:13CV00050 JLH

APRIL CANTRELL; and
DERMOTT SCHOOL DISTRICT                                                                                   DEFENDANTS

**OPINION AND ORDER**

Fred Smith commenced this action by filing a complaint on February 14, 2013. He named as defendants the State of Arkansas; Thomas D. Deen, Prosecutor for the Tenth Judicial District of the State of Arkansas; April Cantrell, Superintendent of the Dermott School District; Pam Stephenson, Title I Coordinator of Federal Programs for the Dermott School District; the Dermott School District; Rick G. McKelvey, investigator for the Arkansas State Police; Mike G. Middleton, investigator for the Arkansas State Police; Barry E. Roy, investigator for the Arkansas State Police; J. Bigham, Deputy Sheriff in DeSoto County, Mississippi; and the DeSoto County Sheriff's Department. Smith's complaint alleges that in the 2006-07 school year Smith provided services to the Dermott School District. On February 4, 2009, Stephenson reported that Smith was paid twice for his services. Smith checked his books, found that there was a discrepancy, and told Cantrell that he would correct the matter. Cantrell and Stephenson reported the matter to Deen, who launched a criminal investigation and involved the Arkansas State Police in the investigation. On September 22, 2009, Smith was stopped by Bigham in DeSoto County, Mississippi, was arrested on a warrant as a fugitive of justice, and spent three days in the DeSoto County jail before being extradited to Arkansas. According to Smith, the Arkansas State Police had falsely entered him into the NCIC database, which resulted in his arrest in Mississippi. At some point, Smith's lawyer and

Deen worked out a plea bargain for Smith to plead guilty to a Class D felony with a sentence of six months, but at the plea colloquy Smith refused to agree, and the judge did not accept the plea.

Based on these allegations, Smith asserts claims under 42 U.S.C. § 1983, 42 U.S.C. § 1981, 42 U.S.C. § 1985, 18 U.S.C. § 241, and 18 U.S.C. § 242, as well as claims for libel and slander, and fraud.[1]

In 2013, all of the defendants filed motions to dismiss and were dismissed except Cantrell and the Dermott School District. Those two defendants have now filed motions to dismiss, contending that all of Smith's claims are barred by the statute of limitations, that Smith has no private right of action under 18 U.S.C. §§ 241 and 242, that the complaint fails to state a claim upon which relief can be granted, and that they are immune from suit.

Arkansas provides a one-year statute of limitations for slander and a three-year statute of limitations for most other torts. *See* Ark. Code Ann. §§ 16-56-104 and 105; *Hampton v. Taylor*, 318 Ark. 771, 777, 887 S.W.2d 535, 539 (1994); *Roeben v. BG Excelsior Ltd.*, 2014 Ark. App. 646, at *4-5, 344 S.W.3d 93, 96-97. The federal civil right statutes upon which Smith relies do not provide their own statutes of limitation, so federal courts are directed to look to the most analogous state statute of limitations for claims made under those provisions. *Bell v. Fowler*, 99 F.3d 262, 266 (8th Cir. 1996). For Arkansas, the three-year statute of limitations applies to claims under 42 U.S.C. §§ 1981, 1983, and 1985. *Baker v. Chisom*, 501 F.3d 920, 922 (8th Cir. 2007); *Morton v. City of Little Rock*, 934 F.2d 180, 182-83 (8th Cir. 1991); *Martin v. Georgia-Pacific Corp.*, 568 F.2d 58, 62-63 (8th Cir. 1977).

---

[1] On September 23, 2014, Smith filed an amended complaint, but he did not obtain leave of court to do so as required by Fed. R. Civ. P. 15(a)(2). The amended complaint is therefore disregarded.

All of the events about which Smith complains occurred in 2009, and he obviously knew of them no later than September 2009. As noted, he filed his complaint on February 14, 2013, which is more than three years later. Smith's claims are therefore barred by the statute of limitations.

Smith also asserts claims under federal criminal statutes, but, as Cantrell and the school district correctly argue, those statutes do not create a private cause of action. *Durso v. Summer Brook Preserve Homeowners Ass'n*, 641 F. Supp. 2d 1256, 1267 (N.D. Fla. 2008).

For the reasons stated, the motions to dismiss filed by April Cantrell and the Dermott School District are GRANTED. Documents #50 and #51. Fred Smith's claims against April Cantrell and the Dermott School District are dismissed with prejudice.

IT IS SO ORDERED this 31st day of October, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE